**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| DAVID SCOTT, ) | Case No. 04-70714 |
| ) | |
| Plaintiff. ) | Arthur J. Tarnow |
| ) | District Judge |
| v. ) | |
| ) | Steven D. Pepe |
| SCOTT FREED, et al. ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' OBJECTIONS [DE 40],
GRANTING PLAINTIFF'S MOTION FOR EXTENSION [DE 42],
SUSTAINING PLAINTIFF'S OBJECTION [DE 43],
ADOPTING IN PART REPORT AND RECOMMENDATION [DE 38],
AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [DE 23]**

## I.  INTRODUCTION

Before the Court is Defendants' motion to dismiss [DE 23].  The Magistrate Judge has issued a Report and Recommendation (R&R) recommending that the motion be granted in part and denied in part.  The parties have filed objections to the R&R.

Defendants' objections concern Plaintiff's retaliation claim against Defendant Freed. Specifically, they argue that the Magistrate Judge should have recommended the dismissal of Plaintiff's retaliation claim against Freed, and that the Magistrate Judge erred by analyzing their motion to dismiss under Rule 12 rather than construing the motion as a motion for summary judgment under Rule 56.

Plaintiff's objection is that the Magistrate Judge erred by recommending dismissal of his claims under the  Fair and Just Treatment Clause of the Michigan Constitution, Art. I, Sec. 17. Plaintiff argues that the Fair and Just Treatment Clause confers rights that are distinct from Due Process, and therefore that his claims under the state constitution should go forward.

The Court has reviewed the pleadings, the R&R, and the parties' objections.  For the

reasons that follow, Defendants objections are denied, Plaintiff's objection is sustained, the R&R is adopted in part as the findings and conclusions of the Court, and Defendants' motion to dismiss is granted in part.

## II.  FACTS

The facts of this case are adequately set forth in the Magistrate Judge's R&R.  Therefore, it is not necessary to set forth a detailed factual summary in this order.

## III.  STANDARD OF REVIEW

Under Rule 56, summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial responsibility of demonstrating that there is an absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Material facts are determined by the substantive law in the case.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986).  All inferences must be made in a light most favorable to the non-moving party, in this case, Plaintiff.  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## IV.  DISCUSSION

### A.  Retaliation Claims

Defendants argue that while Plaintiff may have engaged in protected activity as to Berry Freed, there is no allegation, nor has Plaintiff shown, "that he engaged in protected conduct as to defendant Scott Freed."  Defendants' Objections at 5.

Defendants do not cite any authority for the proposition that to establish the protected conduct element of a retaliation claim, Plaintiff must show that he engaged in protected activities specifically involving the defendant alleged to have retaliated against Plaintiff.  Indeed, courts have held that plaintiffs may establish protected conduct as to one official, and retaliation by

Scott v. Freed, et al.
Case No. 04-70714

another official. *See, e.g., Thaddeus-X v. Blatter*, 175 F. 3d 378 (6th Cir. 1999) (reversing summary judgment for defendants where prison guards harassed plaintiffs in retaliation for filing of grievances against warden and other officials.) The rule urged by Defendants, which lacks support from any authority, would unreasonably erode the constitutional protection against retaliation. Therefore, Defendants first objection is without merit.

Defendants' argue that Freed's alleged failure to provide Plaintiff with more time to respond to misconduct charges was not an "adverse action." As to this element, the Magistrate Judge concluded that "[t]here is currently a genuine issue of material fact regarding Defendant Freed's investigation into the tickets at issue and the timing of the hearings." R&R at 15. The Magistrate Judge's analysis refutes Defendants' argument that the Magistrate Judge failed to consider evidence outside the pleadings in denying their motion as to the retaliation claim against Freed.

Also, Defendants' argument that Plaintiff cannot establish retaliation because there is no due process right to an extension of time is without merit. In this case, the essence of Plaintiff's retaliation claim is that Defendant Freed singled out Plaintiff for retaliatory harassment. As the Magistrate Judge noted:

> [T]he chronology that has been pled, which if taken as true–i.e., Defendant Freed is related to Barry Freed and/or Defendant knew about the lawsuits and grievances Plaintiff filed against Berry Freed and, because of this, Defendant chose to rush Plaintiff's misconduct tickets to hearing without conducting the usual investigation and/or lulled Plaintiff into thinking he had more time to prepare and purposely scheduled the hearings when Plaintiff was unprepared–is sufficient to state a cause of action for retaliation against Defendant Freed.

R&R at 15-16.

While the foregoing passage contains Rule 12 analysis, Defendants' pleadings and evidence have not extinguished the factual questions raised by Plaintiff's allegations.

Defendants' arguments as to the five-year lapse between protected conduct and

3

Scott v. Freed, et al.
Case No. 04-70714

retaliatory conduct also fail.  Under the circumstances presented in this case, where Plaintiff filed a lawsuit as to Berry Freed, and then encountered his brother five years later, a reasonable fact finder could conclude that Plaintiff has established retaliation.

Defendants argue that the Magistrate Judge misapplied *Edwards v. Balisok*, 520 U.S. 641 (1997), where the Supreme Court held that a prisoner may not bring a § 1983 retaliation claim where the success of the claim would necessarily imply the invalidity of the disciplinary judgment.

In this case, the success of Plaintiff's retaliation claim does not necessarily imply the invalidity of his conviction.  Defendant emphasizes that Plaintiff's complaint alleges that the disciplinary charges against him were false.  However, this is immaterial to Plaintiff's retaliation claim.  There is a question of fact as to whether or not Defendant Freed's conduct would injure Plaintiff by impeding his access to the court, regardless of whether or not Plaintiff could ultimately obtain favorable review as to the disciplinary hearing.  In other words, Plaintiff's lawsuit "does not threaten any consequence for [his] conviction or the duration of his sentence." *Muhammed v. Close*, 540 U.S. 749, 754-55 (2004).   A reasonable jury could find that a prisoner, whether guilty or not guilty of a disciplinary violation, would be discouraged from attempting to access the court by Freed's conduct.  Therefore, since the injury to Plaintiff arises independent of the consequences of the disciplinary procedures, *Edwards* is inapplicable.

### B.  Plaintiff's Fair and Just Treatment Claim

In a footnote, the Magistrate Judge recommends that Plaintiff's claim under the Fair and Just Treatment Clause of the Michigan Constitution, Art. I. § 17, should be dismissed. According to the Magistrate Judge, the Fair and Just Treatment Clause is part of the larger Due Process Clause of the Michigan Constitution, which courts have held affords no greater procedural protections than those afforded by the federal Constitution.  R&R at 13 n. 4.

Scott v. Freed, et al.
Case No. 04-70714

Plaintiff objects that the Magistrate Judge mishandled his "fair and just treatment" claim under the Michigan Constitution. Plaintiff cites *Jo-Dan, Ltd. v. Detroit Board of Education*, 2000 Mich. App. LEXIS 1403 (2000) (No. 201406) (unpublished), where the Court affirmed a $7.6 million judgment under the Fair and Just Treatment Clause and held that "[i]n terms of language, format, and the rights identified, this fair and just treatment clause is wholly distinct from the due process rights Const. 1963, art. 1, § 17 also explicitly ensures. *Jo-Dan*, *supra* at *30-32.

None of the cases cited in the Magistrate Judge's footnote addressed the Fair and Just Treatment Clause, but rather addressed the Due Process Clause of the state constitution in general. Similarly, Defendants' motion to dismiss argued that Plaintiff's rights under the Fair and Just Treatment clause are no more extensive than his right to due process. However, as established in *Jo-Dan*, the rights under the respective clauses of Art. I, Sec. 17 are "wholly distinct."

There appears to be an open question as to whether Defendants are protected by any immunity from Plaintiff's fair and just treatment clause claims. Therefore, the Court will deny Defendants' motion to dismiss without prejudice to the filing of further pleadings on this issue.

Scott v. Freed, et al.<br>
Case No. 04-70714

<u>04-70714</u>

### V.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED AS FOLLOWS:

1. Plaintiff's motion for extension [DE 42] is GRANTED;

2. Plaintiff's objection to the report and recommendation [DE 43] is SUSTAINED;

3. Defendant's objections to the report and recommendation [DE 40] are DENIED;

2. The report and recommendation [DE 38] is ADOPTED IN PART as the findings and conclusions of the Court;

3. Defendants' motion to dismiss [DE 23] is GRANTED as to all claims except Plaintiff's Fair and Just Treatment Clause claim against all defendants and Plaintiff's retaliation claim against Defendant Freed under § 1983.

SO ORDERED.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  March 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager