UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT

       Plaintiff,                       Case No. 04-70714

v.                                     HONORABLE ARTHUR J. TARNOW
                                       UNITED STATES DISTRICT JUDGE

SCOTT FREED, *ET AL.*,

                                       MAGISTRATE JUDGE
       Defendants.                STEVEN D. PEPE
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT & RECOMMENDATION [D/E #68]

Before the court is the Magistrate Judge's Report and Recommendation on Defendant's Motion for Summary Judgment. Having reviewed the parties' briefs, the Magistrate's Report and Recommendation, and Plaintiff's objections, this court **ADOPTS** and **ENTERS** the Magistrate's Report and Recommendation as the findings and conclusions of this court for those reasons stated in the Magistrate's Report and below. As a result, the case is **DISMISSED WITH PREJUDICE**.

"Although state law provides the statute of limitation to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005)(citations and internal quotations omitted). In Michigan, the statute of limitations for civil rights suits under § 1983 is three years. *Mich. Comp. Laws* § 600.5805(8). The cause of action begins to accrue when the plaintiff knows or should have known of the injury which forms the basis for the action. *Bagley v. C.M.C. Real Estate Corp.*, 923 F.2d 758, 76 (9th Cir. 1991). The statute of limitations is tolled for the period during which a prisoner's available state remedies are being exhausted. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

The Prison Litigation Reform Act bars prisoners from bringing federal claims "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *Brown v.*

*Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

In Michigan, there is normally a three step grievance procedure. However when a prisoner is placed on modified "access" to the grievance system, as Plaintiff was, the rejection of a request to file a grievance suffices for the purposes of exhaustion because "all possible administrative remedies would have been attempted." *Walker v. MDOC*, 128 Fed.Appx. 441, 446-47 (6th Cir. 2005).

Here the complained about actions took place between October 1, 2000 through November 15, 2000. At the time, Plaintiff requested permission to file grievances against Freed five times between October 18, 2000 through November 23, 2000. The Grievance Coordinator denied each request, the last occurred on November 27, 2000.

The Magistrate determined that Plaintiff's claims should have been filed at the very latest, November 27, 2003, three years from the last grievance rejection notice. Because Plaintiff did not file his claims until February 25, 2004, his claims are barred by the statute of limitations.

Plaintiff argues that the cause of action didn't accrue until the issuance of the April 12, 2001 denial of the administrative review of his second major misconduct ticket.

Plaintiff argues that Magistrate erroneously relies upon *Walker v. MDOC* which causes the Report to conflict with *Brown v. Toombs*' requirement to exhaust all administrative remedies. 139 F.3d at 1104. In *Walker*, plaintiff filed a § 1983 suit against corrections officers after filing 59 grievances with the grievance coordinator within a three day period, all of which were denied *Id*. In the federal court, *Walker* argued that his First Amendment right to petition for redress was violated by his modified access status but the appeals court affirmed the district court's dismissal of the case. *Id*. Plaintiff contends that the *Walker* case did not address the issue of statute of limitations but rather whether a prisoner's placement on modified access status limited his access to both state-created grievance procedures and to the courts, in violation of the First Amendment

right to petition for redress.

Although it is true that *Walker* did not specifically address the issue of statute of limitations, the Magistrate relies on *Walker* for sound reasons. In *Walker*, the Sixth Circuit explained how to proceed with administrative remedies if a plaintiff's initial grievance is denied while on modified access status.

> [I]f a grievance officer dismissed a non-frivolous complaint..., that would be the end of possible administrative remedies with regard to that grievance, and a court would thus have jurisdiction to hear a related federal claim, since all possible administrative remedies would have been attempted.

*Id*. at 446.

Thus, Plaintiff's litigation path should have been clear. His initial grievances, which were related to but not essential to his misconduct issues, were actionable in federal court immediately after they were denied by the Grievance Coordinator. Additionally, it is unclear how the appeals commission dealing with his misconduct issue could have adequately remedied Freed's alleged wrongful conduct.

In terms of his equitable tolling argument, Plaintiff would have to prove that he lacked actual or constructive notice of the filing requirements, that he diligently pursued his rights, that Defendant would not be prejudiced and that Plaintiff was reasonably ignorant of the notice requirement. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

Plaintiff argues that he had mistaken impression that he had to wait to file his retaliation claim against Freed until he had received the final decisions on his administrative appeals. The Magistrate contends that Plaintiff failed to adequately plead an equitable estoppel claim.

In his objections to the Report and Recommendation, Plaintiff argues that it is clear from the record that he "reasonably believed that he had not exhausted all his available administrative remedies for the purpose of filing a complaint in federal court."

While it is true that Plaintiff may have believed and acted upon this, Plaintiff fails to show that the belief was reasonable, other than to point to Plaintiff's *pro se* status, at the time. However, it appears from the record that Plaintiff is not a novice when it comes to grievance

procedures and litigation since he was placed on modified access status because of his litigious nature.  Finally, Plaintiff knew enough to file the initial grievances, which shows his sophistication and the fact that he knew the issues to be separate as well.  Thus, Plaintiff's objections to the Magistrate's Report and Recommendation lack merit because Plaintiff's belief was not a reasonable one.

Had Plaintiff relied on misrepresentations as to the proper procedures, this may be a different case.  For these reasons stated above and for the reasons in the Magistrate's Report and Recommendation**,**

**IT IS HEREBY ORDERED** that this Court **ADOPTS** the Magistrate's Report and Recommendation [D/E # 68] as the findings and conclusions of the court.  Accordingly, Defendant's Motion for Summary Judgment [D/E # 53] is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  February 28, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2007, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager